IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | | |
|---|---|---|
| WILLIE J. WHITE, | ) | C/A No. 4:05-2757-CMC-TER |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| vs. | ) | |
| | ) | REPORT AND RECOMMENDATION |
| COLLIE L. RUSTON, WARDEN OF | ) | |
| McCORMICK CORRECTIONAL | ) | |
| INSTITUTION; AND | ) | |
| HENRY MCMASTER, ATTORNEY | ) | |
| GENERAL OF THE STATE OF | ) | |
| SOUTH CAROLINA, | ) | |
| | ) | |
| Respondents. | ) | |
| | ) | |

Petitioner, Willie J. White ("Petitioner/White"), is an inmate in the custody of the South Carolina Department of Corrections (SCDC). Petitioner, appearing *pro se*, filed his petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254[1] on September 29, 2005. Respondents filed a motion for summary judgment on February 1, 2006, along with a return and supporting memorandum. The undersigned issued an order filed February 2, 2006, pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), advising Petitioner of the motion for summary judgment procedure and the possible consequences if he failed to respond adequately. On March 1, 2006, Petitioner filed a motion for extension of time to respond to Respondents' motion for summary judgment. This motion was granted on March 7, 2006, giving plaintiff until April 3, 2006, to file a

---

[1] This habeas corpus case was automatically referred to the undersigned United States Magistrate Judge pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and Local Rule 73.02, DSC. Because this is a dispositive motion, this report and recommendation is entered for review by the district judge.

response. Petitioner filed a response on April 5, 2006.

## I.  PROCEDURAL HISTORY

The procedural history as set forth by the Respondents in their memorandum has not been seriously disputed by the Petitioner. Therefore, the undersigned will set out the undisputed procedural history as set forth by the Respondents.

Willie J. White, is currently confined at the McCormick Correctional Institution of the South Carolina Department of Corrections pursuant to orders of commitment of the Clerk of Court for Anderson County. Petitioner was indicted in the June 24, 1997 and September 23, 1997 terms of the Court of General Sessions for Anderson County for three counts of assault and battery with intent to kill (ABWIK)(97-GS-04-1517; 1528; 2179); and two counts of possession of a firearm during the commission of a violent crime (97-GS-04-1515; 1516). On October 7, 1997, Petitioner proceeded to a jury trial and was found guilty of the charges. Petitioner was represented by Stephen Welch, Esquire. The State was represented by Druanne White, Assistant Solicitor for the tenth judicial circuit.

Petitioner was sentenced by the Honorable H. Dean Hall, to concurrent twenty (20) years imprisonment for two counts of ABWIK, twelve (12) years imprisonment, consecutive, for the remaining count of ABWIK (97-GS-04-1517), and five (5) years imprisonment, concurrent, for each of the possession of a firearm counts.

After the denial of a Motion for New Trial (App. pp. 828-829), Petitioner timely served and filed a Notice of Appeal. On appeal, trial counsel Welch and L.A. "Smokey" Brown, Jr., represented Petitioner. A Final Brief of Appellant dated December 16, 1998 was filed in which he raised the

following issues:

    1. Did the trial judge err when he allowed prior bad acts to be entered into evidence by the State under the standard established in *State v. Lyle*?

    2. Did the trial judge err in denying White's Motion for New Trial after White's family discovered a juror whose opinions prejudiced the trial's outcome?

    3. Did the trial judge err when he allowed notes from White's interview with the Anderson County Sheriff's Department to be entered into evidence?

The State also a Final Brief of Respondent on December 21, 1998. The South Carolina Court of Appeals affirmed his convictions in an unpublished decision filed on November 4, 1999. *State v. Willie James White*, 99-UP-569 (S.C. Ct. App. filed Nov. 4, 1999). Petition for Rehearing was denied on December 15, 1999.

On January 12, 2000, Petitioner filed a Petition for Writ of Certiorari. The State filed its Return on February 11, 2000. On April 19, 2000, the South Carolina Supreme Court issued an Order denying the petition for writ. The Remittitur was filed on April 26, 2000.

Petitioner filed a state Application for Post-Conviction Relief ("APCR") on January 31, 2001 (01-CP-04-304). In his APCR, Petitioner asserted the following claims:

    1. Ineffective assistance of trial counsel.

    2. Ineffective assistance of appellate counsel.

The State made its Return on July 24, 2002.

On September 24, 2002, an evidentiary hearing in Petitioner's APCR was held before the Honorable J. Cordell Maddox, Jr. Petitioner testified on his own behalf. Petitioner also called trial counsel Welch and Leonard Brown, Esquire. On February 20, 2003, Judge Maddox filed an Order

3

denying the APCR. (App. pp. 1055-1069). Petitioner timely served and filed a notice of appeal to the South Carolina Supreme Court.

On Certiorari, Petitioner was represented by Robert M. Pachak, Assistant Appellate Defender. On January 22, 2004, Pachak filed a *Johnson* Petition for Writ of Certiorari and Petition to be Relieved as Counsel in the South Carolina Supreme Court, raising the following question for review:

1. Whether there was any evidence to support the PCR judge's findings that a juror at petitioner's trial was not related to the victim.

Also, Petitioner filed a *pro se* "Memorandum in Response to Johnson Brief in Consideration of Petitioner's Writ of Certiorari" dated March 4, 2004. In his brief Petitioner alleged:

1. Was trial counsel ineffective in not objecting to the pronouncement of a consecutive sentence when the crime that occurred was a single criminal incident?
2. Did the PCR Judge err in failing to find that counsel was ineffective after he failed to investigate Petitioner's case or develop a plausible defense?
3. Did the PCR Judge err in failing to find that Appellate Counsel was ineffective after he failed to include all of the testimony given in the *Jackson v. Denno* hearing?
4. Court was deprived of subject matter jurisdiction due to Solicitor's circumvention of Petitioner's rights guaranteed by the United States Constitution through the Fourteenth Amendment under the due process and equal protections clauses.

On December 1, 2004, the S.C. Supreme Court issued an Order denying the petition for certiorari and granting counsel's request to withdraw. The Remittitur was issued on December 17, 2004.

## II. GROUNDS FOR RELIEF

In his *pro se* Petition for Writ of Habeas Corpus, Petitioner raises the following grounds:

GROUND ONE: Conviction obtained by the unconstitutional failure of

         the Prosecution to disclose to the Defendant evidence favorable to the Defendant.

GROUND TWO:   Conviction obtained by a violation of the protection against double jeopardy.

GROUND THREE:  Conviction obtained by action of a grand or petit jury which was unconstitutionally selected and impaneled.

GROUND FOUR:  Denial of effective assistance of counsel.

  I.  The Plaintiff's Sixth Amendment Right to an effective assistance of trial counsel was violated and it was error for the lower court to find that trial counsel provided effective assistance.

  II.  The Plaintiff's trial counsel was ineffective when he failed to adequately consult with the Plaintiff and investigate the language, facts and details in the Plaintiff's indictments (97-GS-04-2179; 97-GS-04-1517).

  III.  The Plaintiff's trial counsel allowed the lower court to violate the Plaintiff's Fifth Amendment right of the United States Constitution in which the Plaintiff was denied due process of law.

  IV.  A member of the jury panel was bias in which amounted to a violation of the Plaintiff's Sixth Amendment right of the United States Constitution and Article I, §14 of the South Carolina Constitution rights to a fair and impartial jury.

  V.  The Plaintiff's PCR counsel was ineffective whenever he failed to subpoena a witness (James A. Jenkins) to the applicant's PCR hearing on September 24, 2002. This witness (James A. Jenkins) would have testified to the family and blood relations between the victim (Faye White) and the juror member, No. 113, (Dorothy M. Robinson).

(Petition).

### III. SUMMARY JUDGMENT

On February 1, 2006, the Respondents filed a return and memorandum of law in support of their motion for summary judgment. Petitioner filed a response on April 5, 2006.

A federal court must liberally construe pleadings filed by pro se litigants, to allow them to fully develop potentially meritorious cases. See Cruz v. Beto, 405 U.S. 319 (1972), and Haines v. Kerner, 404 U.S. 519 (1972). In considering a motion for summary judgment, the court's function is not to decide issues of fact, but to decide whether there is an issue of fact to be tried. The requirement of liberal construction does not mean that the court can ignore a clear failure in the pleadings to allege facts which set forth a federal claim, Weller v. Department of Social Services, 901 F.2d 387 (4th Cir. 1990), nor can the court assume the existence of a genuine issue of material fact where none exists. If none can be shown, the motion should be granted. Fed. R. Civ. P. 56(c). The movant has the burden of proving that a judgment on the pleadings is appropriate. Once the moving party makes this showing, however, the opposing party must respond to the motion with "specific facts showing that there is a genuine issue for trial." The opposing party may not rest on the mere assertions contained in the pleadings. Fed. R. Civ. P. 56(e) and Celotex v. Catrett, 477 U.S. 317 (1986).

The Federal Rules of Civil Procedure encourage the entry of summary judgment where both parties have had ample opportunity to explore the merits of their cases and examination of the case makes it clear that one party has failed to establish the existence of an essential element in the case, on which that party will bear the burden of proof at trial. See Fed. R. Civ. P. 56(c). Where the movant can show a complete failure of proof concerning an essential element of the non-moving party's case, all other facts become immaterial because there can be "no genuine issue of material

fact."  In the Celotex case, the court held that defendants were "entitled to judgment as a matter of law" under Rule 56(c) because the plaintiff failed to make a sufficient showing on essential elements of his case with respect to which he has the burden of proof.  Celotex, 477 U.S. at 322-323.

### IV.  STANDARD OF REVIEW

Since White filed his petition after the effective date of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), review of his claims is governed by 28 U.S.C. § 2254(d), as amended.  Lindh v. Murphy, 117 S. Ct. 2059 (1997); Breard v. Pruett, 134 F.3d 615 (4th Cir. 1998); Green v. French, 143 F.3d 865 (4th Cir. 1998).  That statute now reads:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim--(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

To a large extent, the amendment of § 2254 shifts the focus of habeas review to the state court application of Supreme Court law.  See O'Brien v. DuBois, 145 F.3d 16 (1st Cir. 1998) ("the AEDPA amendments to section 2254 exalt the role that a state court's decision plays in a habeas proceeding by specifically directing the habeas court to make the state court decision the cynosure of federal review.").  Further, the facts determined by the state court to which this standard is applied are presumed to be correct unless rebutted by the Petitioner by clear and convincing evidence.  28 U.S.C. § 2254(e)(1).

The United States Supreme Court has addressed procedure under § 2254(d).  See Williams

v. Taylor, 529 U.S. 362, 120 S.Ct. 1495 (2000). In considering a state court's interpretation of federal law, this court must separately analyze the "contrary to" and "unreasonable application" phrases of § 2254(d)(1). Ultimately, a federal habeas court must determine whether "the state court's application of clearly established federal law was objectively unreasonable." Id. at 1521.

The AEDPA became effective on April 24, 1996. The AEDPA substantially modified procedures for consideration of habeas corpus petitions of state inmates in the federal courts.

## V.   DISCUSSION AS TO STATUTE OF LIMITATIONS

The Respondents assert that the Petitioner's claims must be dismissed as untimely. Specifically, Respondents assert that the Petitioner's federal habeas petition should be dismissed because it was not timely filed under the one-year statute of limitations created by the AEDPA. Respondents argue as follows, quoted verbatim:

> Petitioner's conviction was finalized by the conclusion of direct review on July 18, 2000, or ninety (90) days after April 19, 2000, the date the South Carolina Supreme Court issued its Order denying the petition for writ of certiorari following the decision of the S.C. Court of Appeals. *See, e.g. Harris v. Hutchinson*, 209 F.3d 325 (4th Cir. 2000) (direct review concludes at expiration of time for seeking certiorari from United States Supreme Court); U.S. Sup. Ct. R. 13(1) (time for filing petition for certiorari with United States Supreme Court is 90 days). Petitioner therefore had until July 18, 2001 to file his federal habeas corpus action unless the period was at any time tolled. *See, e.g. Hernandez v. Caldwell*, 225 F.3d 435 (4th Cir. 2000); *Harris*, *supra*; *Brown v. Angelone*, 150 F.3d 370 (4th Cir. 1998).

> Petitioner did not file his APCR until January 31, 2001, so one-hundred and ninety-seven (197) days of non-tolled time ran after the period of limitations began on July 18, 2000. The period of limitations was tolled during the pendency of the APCR until no later than December 17, 2004, when the South Carolina Supreme Court issued its Remittitur, remitting the matter to the circuit court. *See, e.g.*

> *Ott v. Johnson*, 192 F.3d 510 (5th Cir. 1999) (tolling does not include 90 days for United States Supreme Court certiorari petition from final denial by state's highest court of collateral action); *Harris v. Hutchinson*, 209 F.3d 325 (4th Cir. 2000) (running clock from when state appellate court denied leave to appeal denial of state post-conviction petition).
>
> The delivery date of the present habeas petition is September 19, 2005, so two hundred and seventy-six (276) days of non-tolled time accrued after the disposition of his APCR on December 17, 2004. When the pre- and post-APCR time periods are added, there were at least four hundred and seventy-three (473) days of non-tolled time since Petitioner's period of limitations began to run on July 18, 2000 – well beyond a one year period. Therefore, the present Petition for Writ of Habeas Corpus is clearly time-barred and should be denied and dismissed. *See Harris v. Hutchinson*, 209 F.3d 325 (4th Cir. 2000) (where petitioner's direct review concluded in 1992, and petitioner did not file for PCR until ten-and-one-half months after AEDPA's effective date of April 24th, 1996, then the ten-and-one-half months counted against his period of limitations, which expired one-and-one-half months after his PCR was finally concluded in January 1998).

(Doc. # 15, p. 6-7).

In his response, Petitioner asserts the following with regard to Respondents' argument that the petition is time barred:

> The Respondent's assertions that Petitioner's application is time barred is without merit. The record before the court reveals that at all times[,] [t]he Petitioner had a timely filed petition before the court and that any delay would be attributed to the state. In that, the Court issuance of it's ruling's at various points in time were at the states pleasure and should not be attributed to the petitioner's fault.

(Doc. # 22).

The applicable law is as follows: The AEDPA became effective on April 24, 1996. The AEDPA substantially modified procedures for consideration of habeas corpus petitions of state inmates in the federal courts. One of those changes was the amendment of 28 U.S.C. § 2244 to

9

establish a one-year statute of limitations for filing habeas petitions.[2] Subsection (d) of the statute now reads:

> (d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of–
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a "properly filed" application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection. (Emphasis added).

As previously stated, Petitioner timely filed and served a Notice of Appeal and the South Carolina Court of Appeals affirmed his convictions on November 4, 1999. On January 12, 2000, Petitioner filed a petition for Writ of Certiorari and the South Carolina Supreme Court issued an

---

[2] Prior to this amendment there was no statute of limitations. Habeas Rule 9(a) allowed dismissal only where the state could show it had been prejudiced by a delay in filing. Duarte v. Hershberger, 947 F. Supp. 146, 148, n.2 (D.N.J. 1996).

Order denying the petition for Writ on April 19, 2000. The Remittitur was filed on April 26, 2000. Thus, his conviction became final on July 18, 2000. Petitioner filed his PCR application on January 31, 2001, which suspended the running of the one-year limitation period. 28 U.S.C. §2244(d)(2). Thus, approximately one hundred ninety-seven (197) days were exhausted. The South Carolina Supreme Court issued the Remittitur on December 17, 2004. Petitioner did not file his federal habeas petition until September 29, 2005, with a Houston v. Lack delivery date of September 19, 2005. Therefore, an additional two hundred seventy-four (274) days of non-tolled time accrued after the disposition of his PCR.[3] If this time period is aggregated to the already exhausted time period of 197 days, the habeas petition was filed outside of the statute of limitations (197+274=471; 471-365=106 days late).

In the case of Harris v. Hutchinson, 209 F.3d 325 (4th Cir. 2000), the Fourth Circuit aggregated time periods to conclude that a federal habeas petition was time barred under 28 U.S.C. § 2244(d). In Harris, the Fourth Circuit stated:

> Thus, for Harris, the one-year limitation period imposed by §2244(d) commenced on April 24, 1996. Ten-and-one-half months later, on March 12, 1997, Harris filed his petition for state post-conviction review, which suspended the running of the one-year limitation period. This petition remained "pending" in state courts until January 7, 1998, when the Maryland Court of Appeals denied Harris' application for leave to appeal the denial of his petition. At this point, the clock began running again on the one-year limitation period, expiring one-and-one-half months later, in February 1998. Harris did not file his federal habeas petition until July 22, 1998, six months after his one-year period had expired. Therefore, the petition was time-barred under 28 U.S.C. § 2244(d).

Harris, 209 F.3d at 327.

---

[3] The Remittitur was issued on December 17, 2004, which was a Friday. Therefore, the time was counted from the following Monday, December 20, 2004.

Based on the above reasons, the undersigned finds that the Respondents' motion for summary judgment should be granted as the Petitioner's habeas corpus petition is barred by the statute of limitations.

Additionally, there is no evidence that warrants equitable tolling. In the case of Rouse v. Lee, 339 F.3d 238 (4th Cir. 2003), the Fourth Circuit held the following:

> Congress enacted AEDPA to reduce delays in the execution of state and federal criminal sentences, particularly in capital cases ... and to further the principles of comity, finality, and federalism." *Woodford v. Garceau,* --- U.S. ----, 123 S.Ct. 1398, 1401, 155 L.Ed.2d 363 (2003) (internal citations and quotation marks omitted). Nevertheless, we have held that the AEDPA statute of limitations is subject to equitable tolling. *Harris v. Hutchinson,* 209 F.3d 325, 330 (4th Cir.2000). As we held in *Harris,* however, rarely will circumstances warrant equitable tolling:
>> [A]ny invocation of equity to relieve the strict application of a statute of limitations must be guarded and infrequent, lest circumstances of individualized hardship supplant the rules of clearly drafted statutes. To apply equity generously would loose the rule of law to whims about the adequacy of excuses, divergent responses to claims of hardship, and subjective notions of fair accommodation. We believe, therefore, that any resort to equity must be reserved for those rare instances where--due to circumstances external to the party's own conduct--it would be unconscionable to enforce the limitation period against the party and gross injustice would result.
>
> Id. Principles of equitable tolling do not extend to garden variety claims of excusable neglect. *Irwin v. Dep't of Veterans Affairs,* 498 U.S. 89, 96, 111 S.Ct. 453, 112 L.Ed.2d 435 (1990) (equitable tolling did not apply where petitioner's lawyer was absent from the office when the EEOC notice was received, and petitioner filed within 30 days of the date he personally received notice). Equitable tolling "is appropriate when, but only when, 'extraordinary circumstances beyond [the petitioner's] control prevented him from complying with the statutory time limit.' " *Spencer v. Sutton,* 239 F.3d 626, 630 (4th Cir.2001) (quoting *Harris,* 209 F.3d at 330). Accordingly, under our existing "extraordinary circumstances" test, Rouse is only entitled to equitable tolling if he presents (1) extraordinary circumstances, (2) beyond his control or external to his own conduct, (3) that prevented him from filing

on time.

The district court held that although the 1-year AEDPA limitations period is subject to equitable tolling, a "mistake of counsel does not serve as a ground for equitable tolling" as a matter of law. (J.A. at 328.) The court held that the circumstance that prevented Rouse from filing on time, his former counsel's "slight miscalculation by relying on Fed.R.Civ.P. 6(e)," was not an extraordinary circumstance beyond Rouse's control, and thus, that equitable tolling did not apply. (J.A. at 327-31.) The district court also found that Rouse's health during the limitations period did not warrant equitable tolling because he was not in "any way incompetent for a substantial part of the [limitations period]." (J.A. at 331.)

Id. at 246-247.

Petitioner has not presented (1) extraordinary circumstances, (2) beyond his control or external to his own conduct, (3) that prevented him from filing on time. See Pace, supra; Rouse, supra. Therefore, it is recommended that the petition be dismissed as it is barred by the statute of limitations.

## VI.  CONCLUSION

As set out above, a review of the record indicates that the Petitioner's federal habeas corpus petition should be dismissed as it is barred by the statute of limitations. It is, therefore,

RECOMMENDED that Respondents' motion for summary judgment (doc. #14) be GRANTED in its ENTIRETY, and the petition be dismissed without an evidentiary hearing.

    Respectfully Submitted,

    s/Thomas E. Rogers, III
    Thomas E. Rogers, III
    United States Magistrate Judge

April 6, 2006
Florence, South Carolina

**The parties' attention is directed to the important notice on the next page.**

### Notice of Right to File Objections to Magistrate Judge's "Report and Recommendation"
### &
### The Serious Consequences of a Failure to Do So

The parties are hereby notified that any objections to the attached Report and Recommendation (or Order and Recommendation) must be filed within ten (10) days of the date of service. 28 U.S.C. § 636 and Fed. R. Civ. P. 72(b). The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three days for filing by mail. Fed. R. Civ. P. 6. A magistrate judge makes only a recommendation, and the authority to make a final determination in this case rests with the United States District Judge. *See* Mathews v. Weber, 423 U.S. 261, 270-271 (1976); and Estrada v. Witkowski, 816 F. Supp. 408, 410, 1993 U.S.Dist. LEXIS® 3411 (D.S.C. 1993).

During the ten-day period for filing objections, but not thereafter, a party must file with the Clerk of Court specific, written objections to the Report and Recommendation, if he or she wishes the United States District Judge to consider any objections. Any written objections must *specifically identify* the portions of the Report and Recommendation to which objections are made *and* the basis for such objections. *See* Keeler v. Pea, 782 F. Supp. 42, 43-44, 1992 U.S.Dist. LEXIS® 8250 (D.S.C. 1992); and Oliverson v. West Valley City, 875 F. Supp. 1465, 1467, 1995 U.S.Dist. LEXIS® 776 (D.Utah 1995). Failure to file written objections shall constitute a waiver of a party's right to further judicial review, including appellate review, if the recommendation is accepted by the United States District Judge. *See* United States v. Schronce, 727 F.2d 91, 94 & n. 4 (4th Cir.), *cert. denied*, Schronce v. United States, 467 U.S. 1208 (1984); and Wright v. Collins, 766 F.2d 841, 845-847 & nn. 1-3 (4th Cir. 1985). Moreover, if a party files specific objections to a portion of a magistrate judge's Report and Recommendation, but does not file specific objections to other portions of the Report and Recommendation, that party waives appellate review of the portions of the magistrate judge's Report and Recommendation to which he or she did not object. In other words, a party's failure to object to one issue in a magistrate judge's Report and Recommendation precludes that party from subsequently raising that issue on appeal, even if objections are filed on other issues. Howard v. Secretary of HHS, 932 F.2d 505, 508-509, 1991 U.S.App. LEXIS® 8487 (6th Cir. 1991). *See also* Praylow v. Martin, 761 F.2d 179, 180 n. 1 (4th Cir.)(party precluded from raising on appeal factual issue to which it did not object in the district court), *cert. denied*, 474 U.S. 1009 (1985). In Howard, supra, the Court stated that general, non-specific objections are *not* sufficient:

> A general objection to the entirety of the [magistrate judge's] report has the same effects as would a failure to object. The district court's attention is not focused on any specific issues for review, thereby making the initial reference to the [magistrate judge] useless. * * * This duplication of time and effort wastes judicial resources rather than saving them, and runs contrary to the purposes of the Magistrates Act. * * *  We would hardly countenance an appellant's brief simply objecting to the district court's determination without explaining the source of the error.

*Accord* Lockert v. Faulkner, 843 F.2d 1015, 1017-1019 (7th Cir. 1988), where the Court held that the appellant, who proceeded *pro se* in the district court, was barred from raising issues on appeal that he did not specifically raise in his objections to the district court:

> Just as a complaint stating only 'I complain' states no claim, an objection stating only 'I object' preserves no issue for review. * * * A district judge should not have to guess what arguments an objecting party depends on when reviewing a [magistrate judge's] report.

*See also* Branch v. Martin, 886 F.2d 1043, 1046, 1989 U.S.App. LEXIS® 15,084 (8th Cir. 1989)("no de novo review if objections are untimely or general"), which involved a *pro se* litigant; and Goney v. Clark, 749 F.2d 5, 7 n. 1 (3rd Cir. 1984)("plaintiff's objections lacked the specificity to trigger *de novo* review"). This notice, hereby, apprises the plaintiff of the consequences of a failure to file specific, written objections. *See* Wright v. Collins, supra; and Small v. Secretary of HHS, 892 F.2d 15, 16, 1989 U.S.App. LEXIS® 19,302 (2nd Cir. 1989). Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections addressed as follows:

Larry W. Propes, Clerk
United States District Court
Post Office Box 2317
Florence, South Carolina  29503
