IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | |
|---|---|
| Willie J. White, #244739, ) | C.A. No. 4:05-2757-CMC-TER |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | **OPINION and ORDER** |
| ) | |
| Colie L. Rushton, Warden of McCormick ) | |
| Correctional Institution; and Henry McMaster, ) | |
| Attorney General of the State of South Carolina, ) | |
| ) | |
| Respondents. ) | |
| _____) | |

This matter is before the court on Petitioner's *pro se* petition for habeas corpus filed pursuant to 28 U.S.C. § 2254.

In accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02 (B)(2)(c), DSC, this matter was referred to United States Magistrate Judge Thomas E. Rogers, III, for pre-trial proceedings and a Report and Recommendation. On April 6, 2006, the Magistrate Judge issued a Report recommending that Respondents' motion for summary judgment be granted. The Magistrate Judge advised Petitioner of the procedures and requirements for filing objections to the Report and Recommendation and the serious consequences if he failed to do so. Petitioner filed objections to the Report on May 11, 2006.[1]

The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the court. *See Mathews v. Weber*, 423 U.S. 261 (1976). The court is charged with making a *de novo* determination of any portion of the Report and Recommendation of the Magistrate Judge to which

---

[1] On April 24, 2006, Petitioner filed a motion to extend the time to respond to the Report. This motion is **granted**. The Objections filed May 11, 2006 are, therefore, timely.

a specific objection is made. The court may accept, reject, or modify, in whole or in part, the recommendation made by the Magistrate Judge or recommit the matter to the Magistrate Judge with instructions. *See* 28 U.S.C. § 636(b). The court reviews the Report and Recommendation only for clear error in the absence of an objection. *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (stating that "in the absence of a timely filed objection, a district court need not conduct a *de novo* review, but instead must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.") (citation omitted).

After reviewing the record of this matter, the applicable law, the Objections, and the Report and Recommendation of the Magistrate Judge, the court agrees with the conclusion of the Magistrate Judge relating to untimeliness. Accordingly, the court adopts and incorporates the Report and Recommendation by reference in this Order to the extent it recommends dismissal of the Petition as being untimely filed.[2]

IT IS THEREFORE ORDERED that this matter is dismissed as untimely as this court is without jurisdiction to entertain it.

---

[2] It appears from Petitioner's objections that his state Post-Conviction Relief (PCR) motion was dismissed February 2, 2003. The order dismissing the PCR specifically notifies Petitioner that he has thirty days to appeal the denial of his PCR to the South Carolina Supreme Court. *See* attachment to Objections, filed May 11, 2006. Petitioner filed a petition for writ of certiorari with the South Carolina Supreme Court almost a *year* later, on January 22, 2004. By failing to file an appeal within the requisite thirty-day time period, Petitioner had, therefore, exhausted his remedies in state court, as he thereafter lost "the right under the law of the State to raise" in the South Carolina courts "by any available procedure, the question presented." 28 U.S.C. § 2254(c). This would, therefore, make the filing of his § 2254 petition even more untimely in this court.

**IT IS SO ORDERED**.

s/ Cameron McGowan Currie
CAMERON M<small>C</small>GOWAN CURRIE
UNITED STATES DISTRICT JUDGE

Columbia, South Carolina
May 23, 2006

C:\Documents and Settings\guest\Local Settings\Temp\notes33369A\05-2757 White v. Rushton e dismissing petition as untimely.wpd